GEORGE RIDDLE, PLAINTIFF IN ERROR, v. ALPHA PORT-
LAND CEMENT COMPANY, DEFENDANT IN ERROR.

Submitted December 12, 1905—Decided June 18, 1906.

Where the plaintiff, who had worked for two months as repairman in
a cement mill, was injured by getting into an uncovered con-
veyor in the mill, and knew of the existence of the conveyor and
how it ran; that the only covering to it was movable and the
cover was sometimes in place and sometimes not; that he could
have seen it was uncovered if he had looked effectively—*Held*, that
no breach of duty on the part of the master was shown, and a
nonsuit was properly granted.

On error to the Supreme Court.

For the plaintiff in error, *William C. Gebhardt.*

For the defendant in error, *Edward Ambler Armstrong.*

The opinion of the court was delivered by

GARRETSON, J.    The plaintiff was in the employ of the
defendant company and was injured and seeks to hold the
defendant liable under the rule of law that requires a master
to use reasonable care to see that the place in which his
servant is working is safe.

The plaintiff was employed as a repairman to do all kinds
of work that would get out of order—if a belt should get off
a pulley or anything through the mill should get out of order
or break, it was his duty to fix it.

Running lengthwise of a room of the defendant's mill
called the raw mill was a trough in the concrete floor, and re-
volving in this trough was a nine-foot conveyor, which was
an iron shaft with a blade on it similar to an auger, and used
to carry powdered cement; the top of the conveyor was about
on a level with the rest of the floor and the conveyor covered
with movable board coverings.

In the same mill-room with the conveyor were four revolv-

ing cylinders, made of iron, each about five feet in diameter and fifty feet long, called tube mills, placed lengthwise of the room, two towards each side, the conveyor running between the two inner ones. These cylinders contained pieces of cement rock with flint pebbles and the revolving of the cylinders pulverized the cement rock.

The accident happened about nine o'clock at night, the mills running the whole twenty-four hours. The plaintiff was then on duty as repairman. He heard a signal—four blasts of the whistle—which signified to him that he was needed in the raw mill; he went there and found a belt had gotten off a pulley, and he was required to put it on; that the belt was in close proximity to the conveyor, and while putting on the belt he got in the conveyor, which was uncovered at that point, and was injured.

At the trial the plaintiff was nonsuited upon the ground that the conditions existing at the place where the accident happened were as well known to the plaintiff as to the defendant, and that when the plaintiff, knowing of those conditions, put himself in that place, he could not hold the defendant liable if injured.

The nonsuit was properly granted.

It was in evidence that the plaintiff had worked in and about this raw mill seven months, two months as repairman; that he was familiar with the conveyor and its covering; that it sometimes got out of order and he repaired it; that the covering was not fastened; it could be just taken and lifted off and it had to be lifted up to repair the conveyor; that the covering was made in sections; that it was frequently necessary to repair the conveyor, and then the sections of the covering were taken up until the place was found where the repair was needed, and after the repair was made the conveyor was covered up. The plaintiff knew when he went to the raw mill the night of the accident that the conveyor was running and that it would continue to run until the mill was shut down; that he did not look to see if the conveyor was uncovered; that he supposed it would be covered, and on being recalled he said that he looked to see if it was uncov-

ered, but could not see on account of the dust and darkness; that he kind of bent over to look, and if he had gone down by the floor he could probably have seen if it was uncovered. It also appeared that it was a rule to shut down the machinery if there was a risk, and that if any of the workmen uncovered the conveyor it was their duty to put the cover back.

It is clear, from the testimony, that the plaintiff was familiar with the whole situation; that in the place in which he was working he was not exposed to any dangers which were not as well known to him as to the master; that the uncovered conveyor was an obvious danger, which the plaintiff in the proper exercise of his powers of observation would have discovered; that he knew of the existence of the danger, but did not carry his examination to see if it existed to the extent of making it effective.

The plaintiff failed to show any breach of duty on the part of the defendant.

The judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL. 14.

*For reversal*—None.